UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**BERT DAVILA-AGOSTO, et als.,**
**Plaintiffs**

v.   CIVIL CASE NO. 03-2252(DRD)

**ESTHER M. RIVERA-SOTO, et als.,**
**Defendants**

**ORDER**

Pending before the Court is the instant parties' *Joint Motion Regarding Settlement Agreement* (Docket No. 30) informing the Court that a settlement agreement has been reached amongst the captioned parties which may settle the case in its entirety. The parties affirm that on July 14, 2005, the parties executed a Purchase and Sale Option Contract whereby defendant will repurchase the property of the instant complaint from plaintiff for the price of $170,000 wherein defendant was to bear all costs and expenses related to the transfer of title of said property.

However, counsel to both parties sustain that in order to execute the deed of sale, there are some issues pending before the Puerto Rico Treasury Department relating the partial donation performed by plaintiff, Davila Agosto's father of his share in the property and the protocolization of a Power of Attorney executed by defendant in the State of Florida authorizing her attorney to appear on her behalf in said deed of sale.

The appearing parties aver that the corresponding deed of sale should be executed within sixty (60) working days and should the sale of property be carried out as agreed by the parties, plaintiffs will move for the voluntary dismisssal. Finally, the parties moves the Court to stay the proceedings for a period of sixty (60) working days to complete the required documentation in order to avoid unnecessary filing in case of noncompliance or to avoid filing a separate action requesting compliance.

The Court deems that since the instant parties have filed a motion informing that a settlement agreement has been reached and are in the process of executing the documents to comply with the agreement, there is no reason for the Court to leave the instant case open pending the execution of the required Deed of Sale. Further, counsel is concerned as to having to refile should a party recant in its obligations.

The Court hereby pursuant to Rule 41(a)(1)(ii), Fed.R.Civ.P., 28 U.S.C., **CLOSES** the instant case for administrative purposes. Judgment shall be issued as the parties have reached a full agreement. The parties are granted **sixty (60) calendar days** to execute the corresponding Deed of Sale and to file an Informative motion providing final details of the settlement agreement allowing the Court to proceed and enter an Amended Judgment incorporating other terms and conditions of said settlement agreement. An Amended Judgment shall be entered when the parties file the

appropriate documents.  No extensions of time shall be granted.  The Court retains jurisdiction for compliance purposes since there is concern as to having to refile a new action compelling compliance with the settlement agreement.  **Judgment** shall be issued in this same date.

    **IT IS SO ORDERED.**
In San Juan, Puerto Rico this 23rd day of November 2005.

                                            **S/DANIEL R. DOMINGUEZ**
                                               **DANIEL R. DOMINGUEZ**
                                                 **U.S. DISTRICT JUDGE**